UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL F.,

    Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

21-CV-01234-MJR
DECISION AND ORDER

  Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11)

  Plaintiff Paul F.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, and defendant's motion (Dkt. No. 9) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB and SSI on September 16, 2019, with an alleged onset date of October 28, 2018. (Administrative Transcript ["Tr."] 22, 252-65). The claims were initially denied on January 27, 2020, and upon reconsideration on April 15, 2020. (Tr. 70-95, 124-33, 96-123, 138-61). Plaintiff filed a timely request for an administrative hearing before an administrative law judge ("ALJ"). (Tr. 162-78). On December 8, 2020, a hearing was held before ALJ Mark Solomon, via telephone, during which Plaintiff participated by telephone, with counsel. (Tr. 38-69). A vocational expert ("VE") also testified at the hearing via telephone. The ALJ issued an unfavorable decision on March 15, 2021. (Tr. 19-37). This action followed.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last-insured date to be December 31, 2023. (Tr. 24). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 28, 2018, the alleged onset date. (Tr. 24). At step two, the ALJ found that Plaintiff has the following severe impairments: status post bilateral total hip replacements; right foot pes palnus, metatarsalgia and plantar fasciitis; lumbar degenerative disc disease; obesity; and later onset right shoulder impingement. (Tr. 24-25). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Prior to proceeding to step four, the ALJ found that Plaintiff retained the capacity to perform sedentary work except he was limited to occasional climbing, stooping, kneeling, crouching and crawling; occasional overhead reaching with the right upper extremity; and he required the use of a handheld assistive device but would have one hand free to carry small objects. (Tr. 25-29). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 29). At step five, the ALJ found there are

jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 29-30). Therefore, the ALJ found that Plaintiff is not disabled. (Tr. 30-31).

IV.   *Plaintiff's Challenge*

Plaintiff argues that the case must be remanded because the ALJ failed to evaluate adequately the medical opinion of consultative medical examiner Dr. Nikita Dave. The Court agrees.

On December 5, 2019, Dr. Dave performed a consulting internal medicine examination at the request of the state agency. (Tr. 572). Dr. Dave opined that Plaintiff had "moderate limitations for repetitive bending forward, squatting, crouching, climbing and gross motor manipulation through the left lower extremity due to left total hip replacement surgery; "mild to moderate limitations for prolonged standing, walking and sitting due to the same, as well as due to right ankle pain and foot pain;" and "mild to moderate limitations for repetitive gross motor manipulation through the right wrist such as heavy lifting, pushing, pulling, due to diminished range of motion slightly." (Tr. 575).

The ALJ's evaluation of Dr. Dave's opinion is unclear and confusing. In evaluating Dr. Dave's opinion, it appears that the ALJ addressed *only* the limitations regarding Plaintiff's upper right extremity, stating:

> The opinion is unpersuasive as to limitations for right wrist as grip strength was normal and dexterity was intact with respect to handling or fingering, but persuasive with respect to heavy lifting and pushing/pulling. In addition, the terms mild to moderate are vague.

(Tr. 28). It is unclear if the ALJ was denouncing Dr. Dave's *entire* opinion as vague due to the use of the terms "mild" and "moderate," or whether he was limiting his rejection to only that portion of the opinion related to Plaintiff's upper right extremity. The ALJ did not specifically reject the sitting limitations in Dr. Dave's opinion, thereby suggesting that he

- 7 -

adopted those limitations. The ALJ's failure to be clear leaves the Court unable to conduct a meaningful review of his decision. This was error. *Donald S. v. Comm'r of Soc. Sec.*, 2022 WL 1302131, *4 (W.D.N.Y. May 2, 2022) ("'When an ALJ adopts only parts of a medical opinion, he must explain why the other parts were rejected.'") (quoting *Lori M. v. Comm'r of Soc. Sec.*, 2021 WL 230916, *4 (W.D.N.Y. Jan. 22, 2021) (citation omitted)).

The error is potentially harmful because limitations on a claimant's ability to sit for prolonged periods of time can seriously erode the occupational base for sedentary work. *Pataro v. Berryhill*, 2019 WL 1244664, *17 (S.D.N.Y. Mar. 1, 2019), report and recommendation adopted, 2019 WL 1244325 (S.D.N.Y. Mar. 18, 2019); *see also Conyers v. Comm'r of Soc. Sec.*, 2019 WL 1122952, *19 (S.D.N.Y. Mar. 12, 2019); *Cirino Matos v. Colvin*, 2016 WL 1253589, *11 (N.D.N.Y. Mar. 15, 2016), report and recommendation adopted sub nom. *Cirino-Matos v. Colvin*, 2016 WL 1261105 (N.D.N.Y. Mar. 30, 2016) ("where stand/sit option may erode the availability of a job base nationally, testimony of a VE is essential").

If it was the ALJ's intention to reject the entirety of Dr. Dave's opinion, including the sitting limitations, because it was "vague," then he should have contacted Dr. Dave's for further clarification and explanation. *Allen v. Colvin*, 2016 WL 1261103, *14-15 (N.D.N.Y. Mar. 30, 2016) (remanding where ALJ acknowledged that consulting opinion was "too vague to be given more significance"); *Alguire v. Colvin*, 2016 WL 1399373, *10 (N.D.N.Y. Mar. 16, 2016), report and recommendation adopted sub nom. *Alguire v. Comm'r of Soc. Sec.*, 2016 WL 1417822 (N.D.N.Y. Apr. 8, 2016) (remanding where ALJ conceded that consulting opinion was vague); *see also Tolhurst v. Comm'r of Soc. Sec.*, 2016 WL 2347910, *5-6 (N.D.N.Y. May 4, 2016) (remanding for ALJ to re-contact

consulting examiner where that doctor's opinion was too vague to rely upon in formulating the RFC).

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted and defendant's motion for judgment on the pleadings (Dkt. No. 9) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:  January 23, 2024
        Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge